UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES A. BROOKS,

                              **Plaintiff,**

  vs.                                                 1:24-CV-923
                                                         (MAD/DJS)

UNITED STATES MARINE CORPS,
and DALE W. BARNER,

                              **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**JAMES A. BROOKS**
Albany, New York 12210
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On July 25, 2024, Plaintiff James A. Brooks commenced this action, *pro se*, against Defendants the United States Marine Corps and Dale W. Barner. *See* Dkt. No. 1. Plaintiff alleges that the United States Marine Corps wrongfully discharged him on "an other than honorable discharge" and that Barner physically injured him. *Id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

      On September 20, 2024, Magistrate Judge Daniel J. Stewart issued an Order granting Plaintiff's IFP application. *See* Dkt. No. 6. On that same day, Magistrate Judge Stewart issued a Report-Recommendation and Order recommending that Plaintiff's complaint be dismissed and that leave to amend be granted only as to the claims against Defendant Barner. *See* Dkt. No. 7.

1

On October 15, 2024, Plaintiff requested a ninety-day adjournment of the objection filing deadline based on a purported spinal surgery Plaintiff was going to have. *See* Dkt. No. 8. The Court requested medical documentation confirming Plaintiff's assertion, *see* Dkt. No. 9, which Plaintiff provided on October 22, 2024. *See* Dkt. No. 10. The Court granted Plaintiff's request for an extension and gave him until February 14, 2025, to file his objections. *See* Dkt. No. 11. On November 27, 2024, Plaintiff submitted an additional medical record which notes follow-up medical visits in November 2024 and January 2025. See Dkt. No. 12. Plaintiff has not filed any objections to the Report-Recommendation and Order.

When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error. *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law

before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed the September 20, 2024, Report-Recommendation and Order, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Stewart's recommendation to dismiss Plaintiff's complaint.

Magistrate Judge Stewart correctly determined that Plaintiff's complaint against the United States Marine Corps is barred by a six-year statute of limitations because Plaintiff alleges that he was discharged in 1985. *See* Dkt. No. 7 at 4; Dkt. No. 1 at 1; *see also Blassingame v. Sec'y of Navy*, 811 F.2d 65, 70 (2d Cir. 1987).[1] The Court also agrees with Magistrate Judge Stewart that, as to Defendant Barner, Plaintiff's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Dkt. No. 7 at 8-9. Plaintiff summarily alleges that Barner injured him and that "[t]his complaint has merit . . . ." Dkt. No. 1 at 1. This is insufficient to meet the necessary pleading requirements which must put the opposing party on notice of the claims against them. *See* Dkt. No. 7 at 4-5.

As recommended by Magistrate Judge Stewart, and in light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint as to the claims against Barner. *See* Dkt. No. 7 at 5. However, any claims against United States Marine Corps must be dismissed

---

[1] There is a single case out of the Western District of New York which concluded that the six-year statute of limitations does not apply to cases seeking "to correct a discharge from dishonorable to honorable," but only "where the relief sought is money." *Pacyna v. Marsh*, 617 F. Supp. 101, 102 (W.D.N.Y. 1984), *aff'd*, 809 F.2d 792 (Fed. Cir. 1986) (Table). This does not comport with a plain reading of the statute which states that ""every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C.A. § 2401(a). The statute does not limit its application to only civil actions seeking monetary damages but applies to "every civil action commenced against the United States." *Id.*

3

with prejudice. *See Wrobleski v. Miller*, No. 3:19-CV-876, 2020 WL 219221, *3 (N.D.N.Y. Jan. 15, 2020).

If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. The revised pleading should allege facts demonstrating the personal involvement of any named Defendant. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, No. 6:22-CV-319, 2023 WL 2931863, *14 (N.D.N.Y. Apr. 13, 2023).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint against the United States Marine Corps is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's complaint against Defendant Barner is **DISMISSED without prejudice,** with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: March 17, 2025
  Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge