UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES A. BROOKS,

                                   **Plaintiff,**

  vs.                                                        1:24-CV-923
                                                                  (MAD/DJS)

DALE W. BARNER,

                                   **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**JAMES A. BROOKS**
Albany, New York 12210
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On July 25, 2024, Plaintiff James A. Brooks commenced this action, *pro se*, against the United States Marine Corps and Dale W. Barner, alleging that the United States Marine Corps wrongfully discharged him on "an other than honorable discharge" and that Defendant Barner injured him while engaged in an "experimental" chiropractic practice during Plaintiff's service throughout the 1980s. Dkt. No. 1 at ¶¶ 5, 7. Plaintiff also submitted an application to proceed *in forma pauperis*. *See* Dkt. No. 2. On September 20, 2024, Magistrate Judge Daniel J. Stewart granted Plaintiff's *in forma pauperis* application and issued a Report-Recommendation and Order recommending that Plaintiff's complaint against the United States Marine Corps be dismissed without leave to amend due to the untimely nature of the complaint, and granting Plaintiff leave to

1

amend his claims against Defendant Barner.  *See* Dkt. No. 6; *see* Dkt. No. 7 at 4, 6.  Plaintiff did not file objections to the Report-Recommendation and Order.

On March 17, 2025, this Court adopted Magistrate Judge Stewart's Report-Recommendation and Order in its entirety, and dismissed the claim against the United States Marine Corps and granted Plaintiff leave to amend his claim against Defendant Barner.  *See* Dkt. No. 13.  On April 18, 2025, Plaintiff requested a thirty-day extension for leave to file an amended complaint, which was granted on April 22, 2025.  *See* Dkt. Nos. 14, 15.  Plaintiff filed an amended complaint on May 22, 2025.  *See* Dkt. No. 16.  On June 24, 2025, Magistrate Judge Stewart issued a second Report-Recommendation and Order recommending the amended complaint be dismissed with prejudice and without leave to amend.  *See* Dkt. No. 17 at 4-5.

The Court adopts the recitation of the factual background contained in Magistrate Judge Stewart's Report-Recommendation and Order.  *See* Dkt. No. 17 at 1-3.  As Plaintiff has not filed objections and the time for filing any objections has expired, the Court will review the Report-Recommendation and Order for clear error.  *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684-85 (N.D.N.Y. 2015) (citing FED. R. CIV. P. 72(b)).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, "the Court must review his complaint under a more lenient standard."  *Gerken v. Gordon*, No. 1:24-CV-435, 2024 WL 5001402, *1 (N.D.N.Y. Dec. 6, 2024) (citing *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003)).  Thus, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))

2

(internal citation omitted).  "'Although the court has the duty to show liberality towards *pro se* litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*.'"  *Gerken*, 2024 WL 5001402, at *1 (quoting *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994)).  A complaint, ultimately, must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and assert "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

   Having reviewed the June 24, 2025, Report-Recommendation and Order, Plaintiff's amended complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Stewart's recommendation to dismiss Plaintiff's amended complaint with prejudice and without leave to amend.  Initially, Magistrate Judge Stewart recommends that Plaintiff's claims against Defendant Barner be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the amended complaint does not comply with the short and plain requirements of Rule 8 of the Federal Rules of Civil Procedure and does not give sufficient notice to Defendant Barner of any claim being asserted.  *See* Dkt. No. 17 at 2-4.  The Court adopts Magistrate Judge Stewart's recommendation because Rule 8 requires that a pleading contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

3

FED. R. CIV. P. 8(a).  As Magistrate Judge Stewart explained, Plaintiff failed to identify a legal cause of action against Defendant Barner that "show[s] that the pleader is entitled to relief," thereby failing to satisfy the requirements of Rule 8.  Dkt. No. 17 at 3 (quoting FED. R. CIV. P. 8(a)(2)).  The Court agrees and finds no clear error in Magistrate Judge Stewart's recommendation that Plaintiff's amended complaint must be dismissed.

The Court also agrees with Magistrate Judge Stewarts recommendation to dismiss Plaintiff's claim without leave to amend because "'[a]lthough '[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once[,] . . . leave to amend a complaint may be denied when amendment would be futile.'"  *Jackson v. Wells Fargo Home Mortg.*, 811 Fed. Appx. 27, 30 (2d Cir. 2020) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).  "[I]f the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'"  *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  Here, Plaintiff was given notice of his original complaint's deficiencies and granted an opportunity to amend, but as noted by Magistrate Judge Stewart, Plaintiff's amended complaint contains substantive deficiencies that fail to comply with Rule 8.[1]  *See* Dkt. No. 17 at 4.  Therefore, granting further leave to amend would be futile and will not be granted.

## IV. CONCLUSION

---

[1] As Magistrate Judge Stewart notes, the amended complaint focuses almost exclusively on events which took place in the 1980s when Plaintiff was a member of the United States Marine Corps. The amended complaint alleges that, because of Defendant Barner's actions while they were both in the Marines, Plaintiff suffered significant and continuing harm.  Considering that it has been nearly forty years since the events discussed in the amended complaint took place, any claim that Plaintiff is attempting to assert is almost certainly barred under the applicable statute of limitations, further supporting the decision to dismiss the complaint without leave to amend.

4

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 17) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 13, 2025
       Albany, New York

_Mae A. D'Agostino_
U.S. District Judge

5